JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JONATHAN WILLERFORD,

      Plaintiff,

      v.

DEPUTY BILTON,
SERGEANT MIARA, and
COUNTY OF RIVERSIDE,

      Defendants.

Case No. 5:23-cv-01596-JWH-SK

**JUDGMENT OF DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER**

1         On August 9, 2023, Plaintiff Jonathan Willerford filed a Civil Rights

2 Complaint under 42 U.S.C. § 1983 and a request to proceed without

3 prepayment of the filling fees.  (ECF No. 1-2.)  Plaintiff, a *pro se* prisoner, alleged

4 mistreatment by prison officials in violation of the Eighth Amendment.  (ECF

5 No. 1.)

6         On August 14, 2023, the Court issued an Order postponing for 30 days a

7 ruling on Plaintiff's request so Plaintiff could provide more information.  (ECF

8 No. 4.)  Specifically, the Court ordered Plaintiff to submit his trust fund

9 statement and to file an Amended Complaint curing the pleading deficiencies of

10 his original Complaint.  (*Id.*)  The Court informed Plaintiff that his failure to

11 comply with the Order would result in dismissal of the case.  (*Id.*)

12         As of this date, more than two months later, Plaintiff has not complied

13 with the Order or otherwise communicated with the Court.

14                          **I.  DISCUSSION**

15 **A.   Legal Standard**

16         A district court has the inherent power under Rule 41(b) of the Federal

17 Rules of Civil Procedure to dismiss an action for failure to prosecute or to

18 comply with the court's order.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 631

19 (1962).  Specifically, the failure of a plaintiff to comply with a district court's

20 order to file an amended complaint is properly met with the sanction of dismissal

21 under Rule 41(b).  *See Applied Underwriters, Inc., v. Lichtenegger*, 913 F.3d 884,

22 891 (9th Cir. 2019) (collecting cases).  The sanction may be imposed when a

23 plaintiff, "given the opportunity to amend or be dismissed, did *nothing*."

24 *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (emphasis in

25 original).

26         Under Ninth Circuit authority, "in order for a court to dismiss a case as a

27 sanction, the district court must consider five factors:  '(1) the public's interest

28 in expeditious resolution of litigation; (2) the court's need to manage its docket;

1    (3) the risk of prejudice to the defendants; (4) the public policy favoring

2    disposition of cases on their merits; and (5) the availability of less drastic

3    alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999)

4    (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

5         A district court's sanction of dismissal generally will be affirmed on

6    appeal where at least four factors support dismissal or where at least three

7    factors strongly support it. *See Hernandez*, 138 F.3d at 399. As discussed below,

8    four of the five factors support dismissal.

9    **B.    Analysis**

10        **1.    The Public's Interest in Expeditious Resolution**

11        The first factor supports dismissal. "[T]he public's interest in

12   expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at

13   990.

14        **2.    The Court's Need to Manage Its Docket**

15        The second factor also supports dismissal. Plaintiff's failure to respond to

16   the Court's Order interferes with the Court's ability to manage its docket. *See*

17   *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in

18   the best position to determine whether the delay in a particular case interferes

19   with docket management and the public interest. Arguably, Pagtalunan's

20   petition has consumed some of the court's time that could have been devoted to

21   other cases on the docket.") (internal citation omitted); *see also Irvin v. Madrid*,

22   749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal

23   because the district court is in the best position to determine whether a

24   particular set of circumstances interferes with docket management.").

25        **3.    The Risk of Prejudice to Defendants**

26        The third factor also supports dismissal. The risk of prejudice is "related

27   to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191

28   F.3d at 991. The record suggests no apparent reason for Plaintiff's failure to

1  comply with the Court's Order or failure to communicate with the Court.  The

2  absence of any such reason indicates sufficient prejudice to Defendants.  *See id.*

3  at 991-92 (holding that a paltry excuse for default indicates sufficient prejudice

4  to the defendants); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994)

5  (recognizing that the law presumes injury to the defendants from unreasonable

6  delay).

7         **4.    The Public Policy Favoring Disposition of the Merits**

8        The fourth factor weighs against dismissal.  "We have often said that the

9  public policy favoring disposition of cases on their merits strongly counsels

10  against dismissal."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*,

11  460 F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399).  On the

12  other hand, "this factor lends little support to a party whose responsibility it is

13  to move a case toward disposition on the merits but whose conduct impedes

14  progress in that direction."  *Products Liability Litigation*, 460 F.3d at 1228

15  (citations and quotation marks omitted).  Thus, this factor alone does not

16  preclude dismissal.

17         **5.    The Availability of Less Drastic Alternatives**

18        The fifth factor supports dismissal.  "Here the fact that the [Court]

19  allowed [Plaintiff] an additional thirty days to amend his complaint . . .

20  constituted an attempt at a less drastic sanction than outright dismissal."  *Ferdik*

21  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  The Court also warned Plaintiff

22  that the failure to comply with the Court's Order to amend his Complaint would

23  result in dismissal.  *See Products Liability Litigation*, 460 F.3d at 1229 ("Warning

24  that failure to obey a court order will result in dismissal can itself meet the

25  'consideration of alternatives' requirement.") (citing, *inter alia*, *Ferdik*, 963

26  F.2d at 1262 ("Moreover, our decisions also suggest that a district court's

27  warning to a party that his failure to obey the court's order will result in

28  dismissal can satisfy the 'consideration of alternatives' requirement.")).

-4-

1 | Despite the Court's warning, two months have elapsed with no response from
2 | Plaintiff.

3 | **C.    Conclusion**

4 | Four of the five factors support dismissal of the action for failure to
5 | comply with an Order of the Court.  Moreover, the severity of the sanction is
6 | lessened because the dismissal is without prejudice rather than with prejudice,
7 | thereby "giving the plaintiff an opportunity to return and prosecute his claims
8 | another day."  *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that
9 | dismissal without prejudice "is a more easily justified sanction").  In sum,
10 | dismissal without prejudice is warranted.

## II.  DISPOSITION

12 | For those reasons, it is hereby ordered as follows:

13 | 1.    This action is **DISMISSED without prejudice**.

14 | 2.    This document shall constitute Judgment in this action, in
15 | accordance with Rule 58 of the Federal Rules of Civil Procedure.

16 | **IT IS SO ORDERED.**

18 | Dated:___October 17, 2023___

John W. Holcomb
UNITED STATES DISTRICT JUDGE